# APRIL TERM, 1872.

## DAVID HOGAN *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW — RAPE — INSTRUCTION ERRONEOUS, WHICH IMPROPERLY CHARACTERIZES STATEMENT. — On the trial under an indictment for rape, there was evidence that the accused, on the morning after the alleged offense, stated to a witness that he had sexual intercourse with the prosecutrix the night before: *Held* to be error for the court to grant an instruction to the jury for the state, in which this statement of accused in evidence was characterized as a "*confession.*"

2. SAME — SAME — SAME — ERROR TO GRANT INSTRUCTION FOR STATE BASED ON NO EVIDENCE. — It is error to grant an instruction for the state without any evidence on which to base it.

3. SAME — SAME — TESTIMONY OF PROSECUTRIX, HOW REGARDED. — While the testimony of the prosecutrix, in charge of rape, is to be scrutinized with judgment and care, no unreasonable suspicion should be indulged against her, but the credibility of her testimony should be left to the jury, with instructions from the court, simple and plainly deducible from the evidence in the case.

ERROR to the circuit court of Wayne county. HAN-COCK, J.

The facts of this case are detailed in the opinion of the court, as far as necessary to the understanding of the view of the court, and the instructions which were criticised by the court are set out at length in the opinion.

*Johnston & Johnston,* for plaintiff in error.

The jury found contrary to the evidence, and, on this ground, the motion for a new trial ought to have been granted. The first instruction asked for by defendant in the court below, and refused by the court, is good law. It asserts the undeniable principle that the testimony of the complaining party, in a prosecution for rape, should be

received with great caution ; that her omission promptly to complain of the injury is a strong circumstance against her evidence; and that the jury may disregard her evidence altogether. The refusal of this instruction ought to reverse the case here. Equally erroneous was the refusal of the court to give the third instruction asked for by defendant's counsel. It asserts a true principle, viz. : That if the evidence of the prosecutrix be unsupported ; if she conceal the offense for a time ; if no outcry was heard by those who were in hearing distance, these are circumstances carrying a strong presumption of the falsehood of the witness. The latter branch of this instruction asserts that the jury should not convict if they have reasonable doubts of the guilt of defendant. The whole instruction was refused. It ought all to have been given. Still more erroneous was it, on the part of the court below, to give instruction No. 3, asked for by the prosecution. As the instruction stands on the record, it is an absurdity. It asserts the ridiculous proposition that confessions and declarations, freely and voluntarily made, are not evidence ; and, if such confession goes toward corroborating the prosecutrix, they tend to remove all suspicion of the falsity of her testimony. What a jargon ! Let it not be overlooked that the statement of plaintiff in error (which, really, is no confession) was brought out by the state.

The fourth instruction given for the state is too grossly erroneous to call for argument. It actually directs the jury that the want of intellectual culture of the prosecutrix, and her ignorance that rape is an enormous offense (about which, by the way, there is not a word of evidence in the record) may be taken by the jury as an excuse for her omission promptly to reveal the offense ! That is, if a prosecutrix is unlearned and does not know that rape is an enormity, this does away with all suspicion of her evidence, springing out of a failure promptly to reveal the crime.

*J. S. Morris*, Attorney-General.

TARBELL, J.:

At the July term, 1870, of the Wayne county circuit court, David Hogan was charged by the grand jury with the crime of rape upon the person of Elizabeth Henry. The trial of the accused at the next succeeding term of the same court resulted in his conviction. A motion for a new trial was made on the grounds: 1st. That the court erred in granting the third and fourth instructions asked by the state, and refused to grant the first and third instructions asked by the defendant; and 2d. Because the jury found contrary to the weight of evidence. This motion was overruled and the accused was sentenced to the state penitentiary for life. From that judgment the defendant therein prosecuted a writ of error, and the reasons for which a reversal is asked are the same, in substance, as those upon which the motion for a new trial was based.

The third and fourth instructions for the state, excepted to by the accused on the trial and assigned for error here, are as follows: 3d. The confessions and declarations of the accused made not under duress or threats are evidence that must not be disregarded by the jury, and, if they go to sustain and corroborate the evidence of Elizabeth Henry, they tend to remove all suspicions of the falsity of her testimony. 4th. The want of cultivation of the mind of the girl Elizabeth Henry, and her want of knowledge of the enormity of the offense may be taken by the jury as an excuse for her failure to report it immediately after the occurrence.

The instructions asked for the accused and refused by the court, such refusal being assigned for error, are as follows: 1st. The testimony of the prosecutrix in a case of rape is always to be received by the jury with the greatest circumspection and subject to the most searching criticism; and if the prosecutrix made no present outcry or immediate discovery to the person or persons whom she first saw after the coition, of that fact, this may authorize the jury to disregard her evidence and acquit the defendant. 3d. If the jury believe from the evidence that the testimony of Eliza-

beth Henry stands unsupported by the testimony of others; if she concealed the injury for any considerable time after she had opportunity to complain, and if the place where the fact was alleged to have been committed were such as that it was possible she might have been heard, and she made no outcry, these and the like circumstances carry a strong presumption that her testimony is false or feigned, and unless the jury believe from the evidence that the defendant is guilty beyond all reasonable doubt, the jury should acquit.

The use of the term "confessions" in the third instruction for the state was erroneous, and calculated to mislead the jury. The accused made voluntary statements to a companion, with reference to the affair for which he was subsequently arraigned, but not "confessions." The extent of the influence of such a phrase in an instruction from the court it is impossible to determine, as it is also unnecessary. The use of the word was clearly improper as it was untrue.

The fourth instruction for the state was without testimony upon which to base it. The entire series of instructions given and refused on both sides, together with all the evidence on the trial, are sent up in the record, and there is no proof to support this instruction; though founded upon evidence, would be a fact for the consideration of the jury.

In the instructions for the accused, refused by the court, are correct propositions of law, which, properly prepared, should have been given; they are objectionable in being too positive in expression and inaccurate in their reference to facts, and so calculated, as constructed, to mislead the jury. Of the instructions, as a whole, we observe that the respective counsel seem to have sought an undue advantage, by securing from the court expressions couched in too positive language, and by an assumption of a reference to facts not warranted by the evidence. The facts are few and simple, and the instructions should have been correspondingly limited, submitting in plain and ordinary language only the necessary propositions involved in the solution of the main question of guilt or innocence of the accused. As

the case is again to be tried by a jury, we refrain from any criticism of the testimony. Indeed, the evidence calls for no comments. It is for the jury, where we leave it. And in remanding the case, we desire to be understood as expressing no opinion, not even by inference, whether the verdict was right or wrong, upon the facts of the case.

The crime with which the plaintiff in error stands charged, and for which he was convicted by a jury of his peers, has been treated in all countries, and in all times, as it is, as among the most heinous offenses against society. Its earliest known punishment was death; and this has been the penalty in most countries, and in many of the United States, until a recent period, during which some modification of the punishment has taken place, varying in the different states, being in some imprisonment for life, in others fine and imprisonment for a limited time, but generally not less nor more than a given number of years. In Mississippi, the penalty for this offense is imprisonment in the penitentiary for life. Code of 1857, p. 608, art. 218, re-enacted in Code of 1871, art. 27, § 2672. In view of this severity of the punishment, in no degree submitted to the discretion of the court, it is but just that the accused have every opportunity to develop his defense, and, above all, that the propositions presented by the bench to the jury be simple and clearly and plainly deducible from the testimony. In most instances the case has to be made out by the prosecutrix herself, without any other evidence to corroborate her. Lord Hale says, in reference to this: "It is true, rape is a most detestable crime," in which we most heartily concur, "and therefore severely punished; but it must be remembered that it is an accusation easily made, but difficult to be disproved by the party accused, be he ever so innocent; and, therefore, though the party ravished be a competent witness, yet the credibility of her testimony must be left to the jury, upon the circumstances of fact that concur with that testimony; if the witness be of good fame, if she presently discovered the offense and made pursuit

after the offender, if she showed circumstances and signs of the injury, whereof many are of that nature that only women are proper examiners, if the place where the fact was done were remote from inhabitants or passengers, if the offender fled for it, these and the like are concurring circumstances which give greater probability to her evidence. On the other hand, if she be of evil fame, and stand unsupported by other evidence; if she conceal the case for any considerable time after she had an opportunity to complain, except from fear; if the place where the fact is supposed to have been committed were near to persons by whom it was probable she might have been heard, and yet she made no outcry; if she gave wrong descriptions of the place; if she fixed on a place where it was improbable for the man to have access to her, by reason of his being in a different place or company about that time, these and the like circumstances afford a strong, though not conclusive, presumption that her testimony is feigned." 1 Hale, 633, 635.

The case at bar requires but few and brief instructions, to frame which Archb. Cr. Pr. & Pl. (ed. of 1860), title Rape, and notes; Rosc. Cr. Ev. 808 (ed. of 1866); 1 Russell on Crimes, 688; 3 Chitty's Cr. Law, 813, furnish reliable guides.

Referring again to the instructions asked for the defendant and refused, for the purpose of further suggestions, we remark of them, as before, that, while they contain sound maxims of law, they are somewhat extravagant in expression. While the testimony should be scrutinized with judgment and care, especially where there are circumstances of suspicion that the complaint is unfounded, nevertheless, no unreasonable suspicion should be indulged against the complaining witness. As construed, these two instructions would be calculated to mislead the jury, though they embrace propositions which ought to be submitted. They contain assumptions of facts, also, which should be corrected. Whether she made a "present out-

cry " is a question of fact.    She withheld disclosure from
Friday night to Sunday, and she could not be said, there-
fore, as assumed in one of the instructions refused, to have
"concealed the injury for any considerable time," though
the concealment from Friday to Sunday is a circumstance
for the consideration of the jury.    The phraseology of these
instructions is subject to further criticism, but these will
suffice to indicate our view of what the instructions should
be, in respect to impartiality and simplicity.

Judgment reversed, cause remanded and another trial
awarded.