BETSY LEDBETTER *v.* THE STATE.

INSTRUCTIONS.   *Confession.   Criminal law.*

In charging the jury at a trial for murder, it is erroneous to characterize as an
"admission or confession," the prisoner's equivocal statement that if she had
killed one woman she would kill another. *Hogan* v. *State,* 46 Miss. 274,
cited.

APPEAL from the Circuit Court of Scott County.

HON. A. G. MAYERS, Judge.

At the trial of this indictment for murder, Mary Nicholson
testified, for the State, that, when she was in jail with the
accused, one morning after breakfast, they were sitting by the
stove, and Betsy Ledbetter, in speaking about being there for kill-
ing a woman, said : "If I did kill a woman, I'll do it again ; if I
get out of here I'll kill another one, for they are all against me
up there." It transpired on cross-examination that Mary was
confined for larceny. Upon this the court charged for the State :
" 9. The jury should consider the admission or confession of the
accused to Mary Nicholson in the light of all the facts and circum-
stances proved by the testimony in determining as to the credi-
bility of the testimony of said witness and also in determining as
to the truth of the admission or confession." The accused appeals
from a conviction of murder and sentence to the penitentiary for
life.

| Briefs. | Opinion. |

*D. C. Wasson,* for the appellant.

The ninth instruction for the State is clearly erroneous. It assumes that the prisoner, when in jail, made a confession to Mary Nicholson, without telling the jury that they could judge whether her statement amounted to an admission of guilt. Viewed in connection with the evidence on this point, the charge must lead to a reversal. Guilt is not shown by the other facts in the case, and it was wrong to aid the presumption by this charge.

*S. H. Kirkland,* on the same side.

The statement to Mary Nicholson is not a confession. The verb is in the subjunctive. Contingency and hypothesis appear in the expression used by the prisoner. She does not say: " I did kill," but " If I did kill " a woman. The ninth instruction assumes that this was an admission of guilt. It went to the jury that, in the opinion of the court, the conversation had this effect in law. *Brown* v. *State,* 32 Miss. 433 ; *Hogsett* v. *State,* 40 Miss. 522.

*J. L. Harris,* Attorney General *pro tem.,* for the State.

It is unnecessary to discuss the instruction. When all the charges are construed together, no error was committed. The evidence is not as strong as might be desired. But this court will not disturb a verdict rendered under proper instructions unless manifest injustice has been done. Although guilt is not demonstrated by the proof, enough evidence was before the jury to sustain the verdict.

COOPER, J., delivered the opinion of the court.

The delaration made by the accused to the witness, Mary Nicholson, that if she had killed one woman she would kill another, was of an equivocal character. It was error for the court to assume, as was done in the ninth instruction for the State, that this was an "admission or confession" of the accused. *Hogan* v. *State,* 46 Miss. 274.

*Reversed.*