WILLIAM JOHNSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Evidence. Other crime. Identity of crime.*

Where, upon the trial of a murder case, the theory of the state being that defendant procured another to kill deceased, it appeared that the deceased had recently slain the brother of the accused, the trial court did not err in permitting the state to prove that the defendant had thereafter tried to hire a witness to kill deceased and, admitting his malice toward him, expressed his determination to have him killed. Such proof is not incompetent as being evidence of another crime, but is relevant and admissible.

2. SAME. *Instruction.*

In such case an instruction, authorizing the conviction of defendant "if he counseled, procured, or commanded the killing of deceased," does not constitute reversible érror, where it was shown by the record of the conviction of the person who did the killing that he pleaded guilty to the charge of murder and there was no doubt or dispute as to the decedent having been murdered.

3. SAME. *Case.*

Facts examined and adjudged sufficient to support a conviction of murder.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Johnson, the appellant, was indicted jointly with one Needham Butler for the murder of one Edward Paxton on April 23, 1904. Butler pleaded guilty to the indictment and was sentenced to the penitentiary for life. Johnson, appellant, was tried, convicted, received a like sentence, and appealed to the supreme court. The facts are stated in the opinion of the court.

*A. C. & J. W. McNair,* for appellant.

There is no claim that appellant Johnson was present at the killing or that he was the party who did the deed. Butler killed defendant. If appellant is guilty, it is as an accessory before

the fact.  The case is one of circumstantial evidence.  The only possible motive that can be assigned or attributed to Johnson for the killing of Paxton is the fact that, some months prior to the killing, Paxton had killed appellant's brother.  The testimony shows that some short time before the killing of Paxton by Butler, Paxton and Butler met on a public road, and there was a controversy between them, and Paxton threatened to inflict personal injury on Butler.  This incensed Butler, and manifestly was the cause of Paxton's death at the hands of Butler.

Without entering into an analysis of the facts relied on to sustain the conviction, we submit that they are wholly insufficient and that a new trial should have been granted.  *Algheri* v. *State,* 25 Miss., 584.

All of the testimony of the witness Britt to the effect that Johnson attempted to hire him to kill Paxton was incompetent, and should have been excluded from the jury.  Its tendency was to prove that Johnson was guilty of a crime other than that with which he is charged and for which he was being tried.  There is no logical connection between that fact and the main fact in issue—the killing of Paxton by Butler and Johnson's connection with it.

The fact that he attempted to employ Britt to kill Paxton does not prove or tend to prove that he procured, counseled, or commanded Butler to do the deed.  It sheds no light on, and does not illustrate, the act of Butler or Johnson's connection with him in the killing.  It does not follow logically, inferentially, or presumptively that, because he was willing to employ a man of the character of Britt to do the deed, he did or would employ Butler or any one else to do it.  The testimony was not admissible to show motive on the part of Johnson to kill or to have Paxton killed.  The theory of the state is that the killing of Johnson's brother by Paxton was the motive which animated Johnson.  While, probably, it was permissible to prove that fact on the question of motive, surely it cannot be

said that the futile effort to employ a third party to commit the deed is relevant and admissible to show motive. The facts show — that Johnson, at common law, was an accessory before the fact, if guilty, and his motive is immaterial, while the motive of Butler, the acknowledged perpetrator of the crime, is the proper subject of inquiry.

This case falls within the principles announced in *Raines* v. *State,* 81 Miss., 489, and *Dabney* v. *State,* 82 Miss., 252a.

Such testimony as this is dangerous, not only because it requires the accused to meet and explain other acts than those charged against him and for which he is on trial, but also because it may lead the jury to violate the great principle that a party is not to be convicted of one crime by proof that he is guilty of another. 3 Rice on Evidence, sec. 157; *Rex* v. *Ball,* Russ. & R., 132; *Com.* v. *Eastman,* 1 Cush. (Mass.) (s.c., 48 Am. Dec., 596).

*J. N. Flowers,* assistant attorney-general, for appellee.

The testimony shows that Butler did the killing and that this appellant was not present at the killing. The burden which the state shouldered in this trial was to prove that Johnson was an accessory before the fact, and hence a principal under Code 1892, § 950. There is no question as to the degree of the homicide. The crime itself is not sought to be minimized nor in any way justified. If appellant is guilty of any crime, that crime is murder. He does not deny that a murder was committed; he only insists that he had no hand in it.

And this consideration explains and supports the rulings of the court below, which are complained of here, (1) in admitting the testimony of Eldridge Britt and (2) in giving the one instruction for the state.

Counsel say that the court erred in admitting the testimony of Eldridge Britt. They cite *Raines'* case, 81 Miss., and *Dabney's* case, 82 Miss.

But in these cases it was attempted to show that the accused had committed other crimes than that for which he was on trial. In the case at bar there was no effort made to show that Johnson had committed any other crime than that for which he was being tried. But the testimony of Britt was offered to show that Johnson had a purpose or design or plan to kill Paxton, and that he was anxious and determined to carry that plan into execution. See Wigmore on Evidence, sec. 102.

Under the facts of this case this testimony seems so clearly competent we think it merits no special attention. It is referable to the principle of law which justifies the admission of proof of threats. In fact, it is worth more as proof than testimony as to threats, because it not only shows the existence of malice which was being carefully nursed and of a deliberate purpose to kill, but it also shows that this purpose was a design, a plan, and that it was being put into active operation.

TRULY, J., delivered the opinion of the court.

The testimony for the state, which was accepted by the jury as true, is sufficient to warrant their finding and sustain the conviction. It was shown that the deceased, Edward Paxton, only a short time before the homicide, had himself slain the brother of the appellant, and there was then pending against him a prosecution growing out of the killing. The existence of bad feeling between appellant and deceased was proven, and it was also shown that appellant entertained such a deep degree of malice that only a short time before this homicide he had endeavored to hire the witness Britt to assassinate Paxton, offering as inducement $25 in money and a horse of the value of $100; that at the same time, when Britt refused, he had made threats, and stated his intention of hiring some one else to kill Paxton. It further appeared that Butler, the party who actually shot Paxton, was an intimate associate of and had been reared in the same family with the appellant; that the appellant had purchased the rifle and cartridges with which the homicide was

committed, only a few days before the killing, and had had
the same charged to the account of his sister-in-law, whose hus-
band Paxton had killed, and had secretly delivered the same to
Butler.   On the day of the homicide, and after its commission,
appellant came to the town, some nine miles distant, and brought
with him clothing for Butler, which Butler wore in making his
escape from the state; that he met with Butler at his sister's
house, delivered the clothes to him, was seen counting out money
in the room where Butler was and where the rifle was found
hidden, and was heard to say to Butler that he desired him to
get away at once.   All this, if true, taken into consideration
with other incriminating circumstances, shows such a guilty
foreknowledge of and counseling and procuring the commission
of the actual homicide as precludes us from disturbing the find-
ing of the jury on the facts.

The testimony of the witness Britt, detailing a conversation
which he averred occurred a few days before the homicide be-
tween appellant and himself, in the course of which appellant
admitted the malice which he bore toward Paxton on account
of the killing of his brother and the subsequent conduct of
Paxton, and endeavored to procure the witness' service in the
assassination of Paxton, and expressed a determination to have
Paxton killed, was clearly admissible.   It is an elementary prin-
ciple that the acts, conduct, and words of a party accused are
admissible in all cases where they tend to show either a motive
for the commission of the crime or evince malice toward the
party afterwards killed.   The testimony here under review
proved both malice and motive.   We can add nothing to the
admirable exposition of the principle controlling and permit-
ting the admission of such testimony, contained in the opinion
of this court rendered by Cooper, C. J., in *Story* v. *State*, 68
Miss., 609 (10 South. Rep., 47).   The testimony here under
review does not fall within the condemnation of the cases cited
by counsel for appellant.   This was in no sense proof of another
and different substantive crime on the part of appellant, but was

relevant testimony tending to show his connection with the murder for which he was then on trial. Testimony relevant in itself will not be excluded because it may incidentally disclose another offense, or show that the accused endeavored to procure the commission of another crime.

. The instruction for the state, as an abstract proposition of law, is erroneous, in that it authorizes the jury to convict the appellant of murder if he "counseled, procured, or commanded the killing of Paxton," without stating that such "killing" must itself be murder. But under the facts of the instant case the error was not fatal or material, for the reason that there was no doubt or dispute as to the grade of the crime committed in the slaying of Paxton. The facts and circumstances disclosed by the record show that Paxton was waylaid and assassinated in cold blood. Again, it is admitted in this case, and so distinctly shown in the record, that Butler, the person who actually killed Paxton, had pleaded guilty to murder, and the record of that conviction was by consent admitted upon the trial of appellant. This cured any possible defect which existed in the instruction on account of the abstract form in which the legal principle was stated.

*Affirmed.*