## Marion McArthur v. State.

[62 South. 417.]

RAPE. *Evidence. Sufficiency. Instructions.*

> Under the evidence as shown in the opinion, the court held that
> defendant was properly convicted of rape and that an instruc-
> tion asked by the defendant announcing the rule to the effect
> that, "where the conviction of rape is on the uncorroborated
> testimony of a female alleged to have been raped, it should
> always be scrutinized with caution, and where there is much
> in the facts and circumstances in evidence to discredit her
> testimony, it is not sufficient to sustain a verdict of guilty,"
> was under the facts of this case properly refused.

APPEAL from the circuit court of Hancock county.
HON. T. H. BARRETT, Judge.

Marion McArthur was convicted of rape and appeals.
The facts are fully stated in the opinion of the court.

*Maybin & Machen,* for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the
state.

REED, J., delivered the opinion of the court.

Marion McArthur was convicted upon the charge of
rape committed on a girl eleven years of age, and sen-
tenced to the penitentiary for life. The girl lived with
her grandmother, and the crime occurred in a vacant
house situated about fifty feet from the residence occu-
pied by the grandmother. The guilt of appellant is
clearly shown by the testimony of the girl. Her state-
ment is corroborated by her grandmother, who testified
that she saw appellant, who is her grandson, on the
gallery of the vacant house late in the afternoon; that
in a short time thereafter her granddaughter reported
to her that she had been outraged by appellant; that she

examined the child and found her lacerated and bleeding; and that, after dressing the injuries, she put her to bed.  The lacerated and injured condition of the child was testified to by a physician and by another witness. Appellant testified, and denied the commission of the crime.  There is sufficient evidence in this case to sustain the jury's verdict of guilty.

Counsel for appellant cites the case of *Monroe* v. *State,* 71 Miss. 196, 13 So. 884, and contends that the rule as stated in that case, to the effect that, where the conviction of rape is on the uncorroborated testimony of a female, it should always be scrutinized with caution, and where there is much in the facts and circumstances in evidence to discredit her testimony, it is not sufficient to sustain a verdict of guilty.

Counsel complains that the court committed error in refusing to grant an instruction for defendant which presented this rule.  In stating the rule in the opinion in the *Monroe Case,* it is conceded that a conviction may be had on the uncorroborated testimony of the person raped.  It is only said that such testimony should be scrutinized, and, if there is much in evidence to discredit it, the testimony is insufficient to sustain conviction.  The facts in that case are different from those in the present case.  It is said in the opinion in that case that there was a strong probability that the girl consented.  There is no such probability presented in this case; besides, since the decision in the *Monroe case,* the age of consent has been advanced to twelve years in this state, by act of the legislature.  Chapter 171, Laws of 1908.

The testimony in this case shows that the girl was under the age of twelve; therefore the question of consent is not involved.  It seems clear to us that the testimony of the child is corroborated.  We cannot see that it is discredited by facts and circumstances in evidence. It is sufficient to justify the jury's conviction.  We find no error in the trial of this case.

*Affirmed.*