GOODE *v.* STATE

No. 42334          November 5, 1962          146 So. 2d 74

*B. R. Hardin, Noel Buckley,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

Percy Lee Goode, a Negro, was convicted in the Circuit Court of Hinds County, Mississippi, on a charge of rape of Rosie Lee Cowan, a Negro. The jury disagreed as to the punishment and he was sentenced to serve life in the state penitentiary. The facts are sordid and lurid and we feel it unnecessary to recite them in this opinion.

The prosecutrix related a detailed story of how she left her place of work at 1:15 o'clock on the morning of April 18, 1961, and, on her way home, was accosted by the defendant; that, by the use of a knife, and overpowering her, he put her in fear and compelled her to submit to him as he criminally assaulted her three different times; that when she got home, she was crying and told her mother what had occurred; that her mother called the police and they came speedily to her home, and she gave a description of the assailant; that she was taken to the hospital and examined; and that, about four days later, she was called to the police station where she picked out the defendant as her assailant from a group in the line-up. There was corroboration by the mother as to her outcry, and the officers as to the identification of the attacker and the places where the acts occurred. The examining doctor found male sperm and slight tears in the vagina, confirming recent sexual intercourse. The defendant did not testify. His stepfather testified that defendant was at home at the time. There was ample evidence to warrant the jury in finding guilt. Consequently, the contention of the appellant, that the

verdict was against the great weight of the evidence, is not maintable.

The second assignment of error is to the following instruction: "The court further instructs the jury for the defendant that in view of the seriousness of the charge against the defendant you must scrutinize the testimony of the prosecutrix with due care and if there is any doubts in your mind as to the truthfulness of her testimony then you are to resolve said doubt in favor of the accused." The court refused this instruction on behalf of the defendant.

In Monroe v. State, 71 Miss. 196, 13 So. 884; Richardson v. State, 196 Miss. 560, 17 So. 2d 799, cases cited by appellant, and many other decisions of this Court, it is recognized that the uncorroborated testimony of the person alleged to have been raped, while sufficient for conviction, should be scrutinized with caution. In Alexander's Mississippi Jury Instructions, Vol. 2, Section 4051, it is said that, "While it is true that a jury should weigh the testimony of the prosecutrix with caution, there is no reason why such fact should be emphasized in instructions. Yet it has been permitted, although later doubts seemed to assail the practice. In line with modern and enlightened views it seems that such an instruction would be upon the weight of the evidence and argumentative. The most that can be said is that its allowance may be discretionary." Cf. Hogan v. State, 46 Miss. 274; McArthur v. State, 105 Miss. 398, 62 So. 417. See also Sections 133 and 144 of Alexander's Mississippi Jury Instructions. Besides, the instruction did not even require the doubts to be reasonable. The court was certainly within its rights in refusing this instruction.

Several other errors are assigned by the appellant. However, after careful examination, the Court finds no reversible error in the record and the jury was amply

warranted under the evidence in finding the defendant guilty as charged in the indictment.

The case is therefore affirmed.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and Gillespie, JJ.*, concur.