272 So.2d 659 (1973)
Willie Lee READUS
v.
STATE of Mississippi.
No. 47060.
Supreme Court of Mississippi.
January 29, 1973.
John R. Poole, Jackson, Josephine Hood, Canton, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Appellant was indicted, tried and convicted for the murder of his wife. He was sentenced to life imprisonment in the Mississippi State Penitentiary by the Circuit Court of Madison County, Mississippi.
Appellant's defense was that the shooting was accidental and that he did all within his power to save his wife's life after the shooting. On appeal, appellant assigns the following errors:
I.
The Court erred in refusing to grant Appellant's motion for a mistrial based upon the State's introduction of evidence showing a separate and distinct crime of a prior shooting at the deceased.
II.
The Court erred in refusing the proffered testimony of prior inconsistent statements made by the witness, J.D. Beale.

*660 III.
The Court erred in refusing to allow the Appellant to recall the witness, J.D. Beale for further cross-examination.
Appellant carried his wife and stepson, J.D. Beale, to visit with relatives of deceased on Saturday night, August 8, 1971. Appellant then went to the Tin Top Cafe and sometime between 11:00 p.m. and 12:00 p.m. was seen with a shotgun and, according to witnesses, made the statement he was going to kill somebody "'foe day in the mornin'." Appellant admitted having a shotgun at the Tin Top Cafe but denied making the above statement. At about 2:00 a.m. on Sunday, August 9, 1971, appellant picked up his wife and stepson at the home of her relatives and returned home. Appellant and his wife "fussed" on the way home, and after their arrival, J.D. Beale stated that appellant said, "Don't you know I'll blow your damn head off."
Appellant then shot his wife in the leg and with the help of J.D. Beale, carried her to the University Hospital in Jackson, Mississippi, driving at speeds of 90 to 100 miles per hour in order to get her to the hospital as quickly as possible. The deceased died from loss of blood on the way to the hospital.
On redirect examination J.D. Beale, the son of deceased, stated that appellant shot at his mother on a previous occasion. A portion of his testimony follows:
BY MR. HERRING:
Q. What happened on the other time that your stepfather shot at your mother?
A. He came in fussing at my mother and I woke up and then I seen him with the gun and he started fussing, ah, punching, shootin' her into the door and he shot her then ran to the shelf to get 
Q. To get what?
A. Ran to the dresser to get another shell and she ran past him through the other door.
Q. Ran out?
A. Yes sir.
The witness, Beale, stated that appellant shot at his mother the first time in the Spring of 1971, but on cross-examination admitted that he did not know exactly when the shot was fired.
The court sustained the objection of appellant to the introduction of the prior shooting on the basis that the witness was not certain as to what time the shooting occurred. Thereupon, appellant moved for a mistrial in the following language:
Comes now the defendant and moves the Court to grant a mistrial in this cause and as grounds therefor would show that this testimony Your Honor, is before the jury and as some have said, it is the type testimony that would take brain surgery to remove and this of course is highly prejudicial to this defendant and on that basis we respectfully move for a mistrial.
In May v. State, 199 So.2d 635 (Miss. 1967), the defendant was questioned about shooting at his wife about five or six months prior to the trial and he denied the incident. One of his children testified on rebuttal that defendant shot at her mother and a younger sister as they left her house. The Court stated that evidence of the prior shooting was admissible in the following language:
We think this testimony is admissible. It is an exception to the general rule and shows intent in the commission of the crime charged. Defendant, appellant here, contends that the shot that killed his wife was accidental. The testimony of Rita June May indicates that appellant had intentionally fired a pistol at his wife at another time. We hold this testimony to be competent. (199 So.2d at 641).
*661 The case was reversed and on retrial appellant was again convicted of murder and in May v. State, 211 So.2d 845 (Miss. 1968), the Court held that testimony about the prior shooting was admissible. The Court stated:
The second assignment is that the lower court erred in allowing the cross-examination of appellant and rebuttal testimony about an allegedly remote previous difficulty and the details thereof. This has to do with the difficulty mentioned in the report of the original case relative to the appellant allegedly having shot at his wife and younger child while they were driving away from home in an automobile. The first case settled this issue by holding such evidence admissible. May v. State, Miss., 199 So.2d 635, 641 (1967).
The general rule is that conviction should be based on evidence showing guilt of the particular offense charged in the indictment, and proof which shows or tends to show that accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. There are certain exceptions to the general rule and in Hawkins v. State, 224 Miss. 309, 80 So.2d 1 (1955), this Court stated:
It is not to be inferred from the rule stated above that the admission of evidence which shows or tends to show the commission of an offense other than the particular one with which the accused is charged must be excluded in all cases and under all circumstances. There are, on the contrary, several well recognized exceptions to and limitations upon the general rule stated. Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the persons charged with the commission of the crime on trial. 20 Am.Jur., 289, Evidence, par. 310; King v. State, 66 Miss. 502, 6 So. 188; Story v. State, 68 Miss. 609, 9 So. 47; Webb v. State, 73 Miss. 456, 19 So. 238; Herman v. State, 75 Miss. 340, 22 So. 873; Raines v. State, 81 Miss. 489, 33 So. 19; Johnson v. State, 85 Miss. 572, 37 So. 926; Hurd v. State, 137 Miss. 178, 102 So. 293; Willoughby v. State, 154 Miss. 653, 122 So. 757, 63 A.L.R. 1319; Floyd v. State, 166 Miss. 15, 148 So. 226. (224 Miss. at 325, 80 So.2d at 9). (Emphasis supplied).
The court properly overruled the motion for a mistrial and we hold that evidence of the prior shooting should have been admitted as bearing on the question of whether or not the shooting in which deceased lost her life was accidental as claimed by the appellant. The prior shooting incident in this case is an exception to the general rule and would tend to show the intent of appellant and absence of accident in the shooting which caused the death of his wife.
In the second and third assignments of error, appellant complains that he was not allowed to present four witnesses to impeach the testimony of J.D. Beale by showing prior inconsistent statements made in their presence. The lower court ruled a proper predicate was not laid for the introduction of the witnesses to impeach the testimony of Beale. Appellant then sought to recall Beale for further cross-examination in order to lay a proper predicate. The court refused to allow appellant to recall Beale for further cross-examination but offered to allow defense counsel to recall J.D. Beale for further examination as a witness for the defense.
*662 In Chatman v. State, 244 Miss. 659, 145 So.2d 707 (1962), a rape conviction was reversed when the defense was not allowed to recall the prosecutrix as an adverse witness in order to ask her if she stated she thought the rape was a joke. The Court stated:
On the second proposition, of course, strictly speaking, counsel for the defendant should have asked the prosecutrix, while she was on the stand, if she had the conversation, detailed by the offer of the three witnesses, at the time and place stated, and whether she was laughing about the matter. She would have had the opportunity to deny. If she did deny it, then of course, these witnesses could have been used by way of impeachment. However, counsel did not do this. But then they did ask to call her "as an adverse witness". The evident purpose was to lay the proper predicate. The proper request should have been for additional cross-examination. (244 Miss. at 667, 145 So.2d at 709.)
......
The proposed evidence, if believed, was very important to the defense. It was to the effect that the prosecutrix was laughing about the matter. Even if the action of the court could be construed to involve a question of discretion, as a matter of fact, the exercise of discretion, under the particular circumstances, required that counsel be permitted to recall the witness and lay a predicate so that the evidence of the three witnesses tendered might be admissible. (244 Miss. at 668, 145 So.2d at 710).
Appellant examined the four witnesses outside the hearing of the jury and their testimony, if believed, was very important to the defense because it would show prior inconsistent statements made by the chief witness for the State, J.D. Beale. It is apparent from the record that the testimony of Beale was an important factor in the jury verdict, and under the particular circumstances of this case, counsel should have been permitted to recall the witness Beale for the purpose of laying a predicate so that evidence of the four witnesses tendered would be admissible for the purpose of impeaching his credibility.
For this reason, the case is reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SMITH and BROOM, JJ., concur.