288 So.2d 839 (1974)
Randall Gates BERGTHOLDT
v.
STATE of Mississippi.
No. 47593.
Supreme Court of Mississippi.
January 28, 1974.
James W. Nobles, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Randall Bergtholdt was convicted of rape and sentenced to life imprisonment by the Circuit Court of the First Judicial District of Hinds County. He has appealed and assigns as error the trial court's refusal to sustain objections to testimony relating to the prosecutrix's identification of the appellant, in refusing to instruct the jury that the testimony of the prosecutrix should be considered with great caution, *840 and in refusing to set aside the verdict of the jury as being against the overwhelming weight of the testimony.
The first contention for reversal is that a police officer was improperly permitted to bolster the testimony of the prosecutrix by testifying that she identified the appellant from a group of photographs presented to her. We are of the opinion this contention is without merit in view of the fact situation before us.
We first note that the identification from the photographs was made prior to the arrest and indictment of the appellant. The photograph identification served a valid purpose in law enforcement since it narrowed the scope of the police inquiry. In fact, the arrest was occasioned by the identification. Additionally, there is no evidence to indicate that the "in-court" identification of the appellant by the prosecutrix was occasioned by, or influenced by, the prior identification from the photograph. Allen v. State, 274 So.2d 136 (Miss. 1973).
The argument advanced is that the testimony of the police officer on redirect examination, that the prosecutrix identified the appellant from photographs, when coupled with the previous testimony of the prosecutrix that she identified the appellant only after viewing the lineup for the third time, improperly bolstered her testimony. In support of this argument Carr v. State, 208 So.2d 886 (Miss. 1968), is cited. On review we find that it condemns the use of hearsay testimony by police officers to bolster the evidence of the prosecutrix that a crime had occurred and the place of occurrence. This error, when combined with others, necessitated reversal. There is no similarity of facts in that case and this one.
Here the prosecutrix was asked on cross-examination if she had requested the lineup at the police station to be returned for the third time so that she might view it before making an identification. This question was answered in the affirmative and then explained by the statement that she had picked the appellant out in the first lineup, but requested the second and third observations in order to be positive of her identification due to the serious nature of the charge. She was then asked and acknowledged that she had identified the appellant from photographs prior to the lineup. Thereafter, the officer was asked a similar question relating to the prosecutrix's photograph identification and a question directed to the number of times she viewed the lineup. To the first query he responded that she had identified the appellant by a photograph and to the next that she viewed the lineup three times.
The testimony in Carr, supra, was not within the knowledge of the police officers, being at best a mere recitation of that which was pointed out or told them by the prosecutrix. The present testimony of the officer was directed to facts that transpired in his presence. It was competent and relevant to indicate the reason for the appellant's arrest. It may have had the incidental effect of corroborating the testimony of the prosecutrix, but we do not think it prejudicially bolstered it since it is not subject to the same criticism as the evidence in Carr.
We add, though perhaps not necessary to the opinion, that the identification of the appellant did not rest solely upon the facial and physical features that might have been observed in the photograph or the lineup. Prior to the arrest of the appellant the prosecutrix told the police officers of a scar upon the left arm of her assailant and a "sore" or wound upon his right leg. These identifying marks were later observed by the police subsequent to Bergtholdt's arrest. Moreover, fibers similar to those in the rug of the victim's apartment were found upon the wearing apparel of Bergtholdt. We find no merit in this assignment of error.
*841 It is next argued that the court erred in refusing to grant the defendant an instruction advising the jury that the testimony of a prosecutrix in a rape case should always be received and considered with great caution since the accusation is easily charged but difficult to disprove by the accused party. Appellant again cites Carr, supra, and quotes therefrom as follows to support his position:
... a conviction of rape may rest upon uncorroborated testimony of the person alleged to have been raped, but such testimony should be scrutinized with caution; and where there is much in the facts in evidence to discredit her testimony, another jury should be permitted to pass upon these facts... . (208 So.2d at 889).
We are not persuaded to appellant's point of view. In Goode v. State, 245 Miss. 391, 146 So.2d 74 (1962), on the precise point the Court acknowledged that a jury should weigh the testimony of a prosecutrix with great caution, but nevertheless held there was no good reason why such fact should be emphasized by an instruction since this would go to the weight of the evidence and was argumentative. We adhere to the reasoning of Goode and thus hold that the instruction sought was properly refused.
With regard to the final assignment of error, we believe it sufficient to state, since we are unaware of any good purpose that would be served by a detailed statement of the facts, that there is ample evidence sufficiently corroborated by physical facts to support the jury's verdict and surely from the record before us we cannot state that it was against the overwhelming weight of the evidence.
We are of the opinion the verdict and sentence should be affirmed.
Affirmed.
RODGERS, P.J., and INZER, SUGG and WALKER, JJ., concur.