300 So.2d 453 (1974)
Jesse HOSEY, Jr.
v.
STATE of Mississippi.
No. 48069.
Supreme Court of Mississippi.
September 23, 1974.
Raymond Swartzfager, Jr., Laurel, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Upon his armed robbery conviction in the Circuit Court of the Second Judicial District of Jones County, Mississippi, the appellant was sentenced to serve thirty years in the Mississippi State Penitentiary. We affirm.
Two issues are raised by this appeal. First, did the trial court err in admitting into evidence testimony showing that three persons were robbed? Second, did the trial court err in granting state's instruction number one?
On April 3, 1973, William Canfield and his two young female companions attended the fair in Laurel, Mississippi. They were *454 robbed late at might as they were about to get in their car and leave. On one side of the car the appellant, Hosey, at gun point robbed Canfield of a wallet which contained Canfield's "mad money" consisting of two "Barr Dollars" plus other small items. At the same time, on the opposite side of the car, the two girls were robbed by another individual (a co-indictee), who wielded a large knife. After the robbery was completed, the appellant, along with his co-indictee, and several other unidentified participants in the robbery escaped into the woods. The three young victims of the robbery notified the police, who a short time later apprehended appellant and five others in a car in the city of Laurel. Inside the car was a bayonet. Near the car was a pistol and Canfield's wallet. Appellant and his co-indictee were positively identified by their victims as the same persons who perpetrated the robbery.

I.
Appellant contends that he was prejudiced because the court allowed into evidence testimony of a robbery committed by a person other than the appellant. This contention is directed at the testimony showing that while the appellant robbed Canfield on one side of Canfield's car, the two girls were simultaneously robbed by another person on the other side of the car. As a general rule, there shall not be presented against an accused in a criminal trial evidence of another crime committed by another person. There are exceptions to this rule. One such exception is an instance, like the present case, where the evidence complained of shows a common scheme or plan embracing the commission of two or more crimes so interrelated that proof of one tends to establish the other. Stated another way, evidence of another crime committed by one other than the accused on trial is admissible if it is so connected with the offense charged against the person on trial as to constitute but one transaction. Readus v. State, 272 So.2d 659 (Miss. 1973); Hawkins v. State, 224 Miss. 309, 80 So.2d 1 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933); King v. State, 66 Miss. 502, 6 So. 188 (1889).
The record reveals that the two girls and their male companion, Canfield, were all robbed at the same time, while situated within a few feet of each other and within view of each other. Though multiple offenses of robbery were perpetrated by different cooperating offenders acting in concert with each other, each of the robberies was so connected as "to constitute but one transaction... ." Floyd, supra. The evidence complained of was also part of the res gestae. See also, 29 Am.Jur.2d Evidence § 321 at 370 (1967); 22A C.J.S. Criminal Law §§ 754, 777 (1961); see also, Blackwell v. State, 231 So.2d 790, 792 (Miss. 1970), cert. denied, 400 U.S. 848, 91 S.Ct. 43, 27 L.Ed.2d 86 (1970). We point out that the rule stated in Floyd, supra, generally precludes the prosecution from showing other unrelated offenses even if committed by the defendant. However, the rule does not exclude evidence of a co-indictee's commission of a criminal act so closely related to the act for which the defendant is being tried as to constitute a part of such act.

II.
We have carefully considered appellant's argument that the trial court erred in granting instruction number one. Appellant contends that there is no evidence in the record that the appellant committed any robbery upon the person of the two girls and that, therefore, the instruction was erroneous in making reference to the robbery of the girls. The instruction was appropriately given in this case because there was abundant evidence in the record clearly showing that the appellant and his accomplice (not on trial), acting in concert with each other and in a common design and purpose, robbed Canfield and the two girls in what constituted one transaction.
*455 Appellant, an indigent person, was ably represented by court appointed counsel who defended him with commendable vigor. Perusal of the record shows that the verdict of guilty as charged was well supported by competent evidence which the jury chose to believe.
Affirmed.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.