LEE, Justice, for the Court:
Kenneth White was convicted in the Circuit Court of Oktibbeha County of rape, and the jury recommended a life sentence in the Mississippi State Penitentiary. The trial judge sentenced White, accordingly, and he has appealed, assigning the following errors in the trial below:
*221 (1) The trial court erred in refusing to grant the appellant a peremptory instruction of not guilty.
(2) The trial court erred in refusing to grant the appellant’s jury Instruction No. D-5.
(3) The trial court erred in refusing to grant appellant’s Instruction No. D-ll.
(4) The trial court erred in granting State’s Instruction No. S-4 in that said instruction failed to set out the essential facts tending to show the appellant’s use of force.
(5) Mississippi Code Annotated Section 97-3-65 (1972), violates due process and equal protection of the laws and is contrary to Rule 5.13 of the Mississippi Criminal Rules of Circuit Court Practice in that no provision is made for the jury to consider mitigating factors in determining the defendant’s sentence.
I.
The evidence most favorable for the State reflected that about 1:30 a. m. September 10, 1977, the prosecutrix, a 51-year-old female, was awakened by a knock on the front door of her duplex apartment. She turned on the lights and went to the door, dressed in a housecoat and underclothes. Prosecutrix saw White, who stated that he was looking for a person by the name of “Chico.” When informed that no such individual lived there, he forced his way into the apartment. The prosecutrix screamed and struggled against the appellant, who threw her to the floor of the dining room and attempted to rape her. He was unsuccessful and then dragged her by an arm into the bedroom where be pulled her upon the bed, and, according to the prosecutrix, forcibly raped her. A subsequent medical examination showed bruises on her arms, legs, and around the vaginal area, and that there had been penetration of the prosecutrix. However, no sperm specimens were discovered.
A neighbor, Mrs. Lollar, who lived in the adjoining apartment, was awakened by the knock on the door. She heard the prosecu-trix scream and heard a bump and mumbled conversation in the other apartment. Mrs. Lollar telephoned the police, and in ten (10) or fifteen (15) minutes, two (2) policemen arrived. As they started into the apartment, the appellant emerged, neatly dressed, but with blood on his shirt. The prosecutrix was bleeding on her arms and legs and had blood on her clothing. At the trial, she testified that she did everything she could to resist the appellant, that she was afraid he would harm her, and that she had never seen him before that night.
On request for a peremptory instruction, all evidence of the State is considered as true, together with reasonable inferences flowing therefrom, and, if such evidence is sufficient to support a guilty verdict, the peremptory instruction should be refused. Warn v. State, 349 So.2d 1055 (Miss.1977); Fields v. State, 293 So.2d 430 (Miss.1974). Under the facts stated above, there was a question for the jury as to the guilt of the appellant and the request for a peremptory instruction was properly refused.
II.
The trial court refused Instruction D-5 requested by appellant, which follows:
“The Court instructs the jury that the uncorroborated or unsupported testimony of the prosecutrix, . . may be adequate evidence upon which to convict the defendant, but that such uncorroborated and unsupported testimony of the prosecutrix, . . . should be viewed with great care and caution by you.”
Refusal of that instruction was held to be correct in Bergtholdt v. State, 288 So.2d 839 (Miss.1974), which cited Goode v. State, 245 Miss. 391, 146 So.2d 74 (1962). In Bergtholdt, the Court said:
“We are not persuaded to appellant’s point of view. In Goode v. State, 245 Miss. 391, 146 So.2d 74 (1962), on the precise point the Court acknowledged that a jury [c]ould weigh the testimony of a prosecutrix with great caution, but nevertheless held that there was no good reason why such facts to be emphasized *222 by an instruction since this would go to the weight of the evidence and be argumentative. We adhere to the reasoning of Goode, and thus hold that the instruction sought was properly refused.”
The trial court did not err in refusing the instruction.
III.-IV.
Appellant contends that the court erred in refusing to grant his requested Instruction D-ll:
“The Court instructs the jury that in order to find the defendant guilty of the crime of rape, it must be convinced by the evidence beyond a reasonable doubt that:
(1) The penetration of the private parts of . was accomplished only by the use of overpowering force upon her by the defendant, and against all reasonable active resistance to such penetration by .
or
(2) That her lack of resistance resulted from threats of personal injury made by the defendant which caused her to reasonably fear great bodily harm if she resisted. If the evidence fails to prove the above beyond a reasonable doubt, it is your sworn duty to find the defendant NOT GUILTY.”
The Part (2) of Instruction D-ll was improper. The instruction assumes that the prosecutrix made no resistance and that fear of the appellant must have resulted from threats by him. It amounts to a peremptory instruction as to those facts which are in issue. The victim testified that she did all in her power to resist the appellant and that, although he made no threats against her, she was afraid of him. In Rush v. State, 301 So.2d 297 (Miss.1974), the Court said:
“The severity of the attack and pressure applied to her throat is evidenced by photographs taken shortly after the attack showing bruises on both sides of her throat. The recentness of the bruises was also corroborated by the attending physicians who saw her within two hours of the attack. Under the circumstances, the prosecutrix had good reason to believe that she and perhaps her child were in danger of great bodily harm if she resisted, as the appellant had amply demonstrated his ability and willingness to inflict bodily harm upon her by choking her into a state of grogginess.” 301 So.2d at 299.
The Part (2) of Instruction D-ll made the entire instruction bad, and it was properly refused.
Appellant further contends that the court erred in granting State’s Instruction S-4, which follows:
“The court instructs the jury that the defendant, Kenneth White, has been charged with the crime of rape for having had unlawful sexual intercourse with ., a female over the age of 12 years, by actual penetration of her private parts, against her will, by the use of force on September 10, 1977.
In order to find the defendant, Kenneth White, guilty of the crime of rape, you must find from the evidence in this case, beyond a reasonable doubt, that:
(1) . . . was a female over the age of 12 years, and
(2) That the defendant had sexual intercourse with ... by actual penetration of her private parts, against her will and despite all reasonable available physical resistance on her part by the use of force.
If the State has proved all these elements beyond a reasonable doubt, then you shall find the defendant guilty as charged.”
Part (2) of Instruction S—4 is in almost the identical language as Part (1) of Instruction D-ll, which the appellant contends should have been given. That part of Instruction D-ll correctly stated the law and Instruction S-4 properly submitted the issue to the jury.
V.
The appellant complains that Mississippi Code Annotated Section 97-3-65 *223 (1972) violates due process and equal protection of the law and is contrary to Rule 5.13, Mississippi Criminal Rules, in that no provision is made for the jury to consider mitigating circumstances in fixing defendant’s sentence. The requirements of Jackson v. State, 337 So.2d 1242 (Miss.1976), relating to a bifurcated trial apply only to cases involving capital offenses. The law requires no such procedure in a charge less than capital and there is no merit to this assignment.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.