437 So.2d 441 (1983)
Edward Lee OATES
v.
STATE of Mississippi.
No. 53889.
Supreme Court of Mississippi.
September 14, 1983.
*442 Jack R. Jones, III, Taylor & Whitwell, Ltd., Southaven, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
BOWLING, Justice, for the Court:
Appellant, Edward Lee Oates, appeals his conviction in the Circuit Court of DeSoto County of the crime of rape and sentence of life imprisonment in the custody of the Department of Corrections.
It would serve no useful purpose to narrate the undisputed details of the occasion when the prosecutrix was raped on the side of a road immediately below the Mississippi-Tennessee state line in DeSoto County. It would be hard to describe a more heinous rape. The incident began at night when the car of the prosecutrix was blocked on the roadway. She was then placed in the car of the person who raped her and was repeatedly struck by him, leaving many marks on her body. She was then raped on the ground by the side of the road. Other material facts shall be mentioned as they apply to the points raised on appeal.
The prosecutrix testified that during the entire time she was in close proximity to her attacker. She studied his features both before the actual rape and afterwards, and of course, she was in close proximity to him during the actual rape.
The first house that the prosecutrix reached after the incident happened to be the home of a Memphis policewoman. The authorities were called immediately and the prosecutrix was taken to the Memphis Rape Center, where the rape was confirmed by physical examination at that time, and afterwards by laboratory examination. Photographs were made of her physical injuries.
About six months after the rape occurred, the prosecutrix saw a photograph in the Memphis Commercial Appeal newspaper, and according to her testimony, she immediately recognized the photograph as the person who had raped her. She contacted the police. Appellant was arrested and subsequent events led to his trial and conviction. Appellant contends here that it was reversible error for the trial court to allow the prosecutrix to testify that as she resisted the attack and the appellant was striking her with his fists, he made the remark that he was going to kill her "just like I did the other one." Appellant contends that this was evidence of another crime and therefore inadmissible.
It is clear that the statement quoted above falls within the well-recognized exception to the rule that evidence of other crimes may not be introduced while an accused is being tried for a separate and distinct crime. This statement was a part of the res gestae and clearly admissible. Gray v. State, 375 So.2d 994 (Miss. 1979); Woods v. State, 393 So.2d 1319 (Miss. 1981); Younger v. State, 301 So.2d 300 (Miss. 1974); Hosey v. State, 300 So.2d 453 (Miss. 1974); and Starks v. State, 245 Miss. 238, 147 So.2d 503 (1962).
Appellant contends that the trial court erroneously permitted the prosecutrix to relate that immediately after she was taken from the car to the side of the road by appellant, he forced her into an act of oral sex before actually raping her. It is contended that this was also evidence of another crime and inadmissible. Again, it is clear that this testimony was admissible as being part of the res gestae surrounding the entire occurrence and cannot be separated from all that was happening from the beginning to the end of the actions taken against the prosecutrix during the course of the events. [See authorities above cited.]
Appellant further contends that the trial court erred in permitting two officers, who conferred with the prosecutrix shortly after the occurrence of the rape, to testify to certain facts related to them by the prosecutrix. Those facts consisted of a statement of what happened and a description of the attacker. It is contended that the testimony of these officials prejudicially *443 bolstered the testimony of the prosecutrix. In Bergtholdt v. State, 288 So.2d 839 (Miss. 1974), we discussed that although such testimony as related by a prosecutrix in a rape case is technically hearsay, in certain instances it is admissible. In the present case, there was absolutely no contradiction or dispute as to what occurred and the statement by the officers as to what the prosecutrix told them occurred was in an effort to aid their investigation.
Appellant contends that five requested instructions were erroneously refused by the lower court. [See Appendix "A".] We have carefully studied all the instructions given both for the state and the appellant, and have no difficulty in finding that none of the five instructions were erroneously refused. All given instructions considered together clearly and fully instructed the jury as to the law applicable to the trial of the cause. The lower court was not in error in refusing any of the instructions set out in the appendix.
Finding no reversible error, we hold that the cause shall be affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.

APPENDIX A

INSTRUCTION NO. 3 FOR DEFENDANT
The Court instructs the jury, that if you should find from the evidence, that the testimony of [the prosecutrix], the person alleged to have been raped, was uncorroborated, or substantially uncorroborated, then her testimony should be scrutinized and weighed with care and caution.

INSTRUCTION NO. 4 FOR DEFENDANT
The Court instructs the jury, that if you find beyond a reasonable doubt that [the prosecutrix], though she resisted at first, eventually gave in and consented to intercourse, and such consent was willing and free of the initial coercion, if any, then no rape occurred, and you must find the Defendant not guilty.

INSTRUCTION NO. 5 FOR DEFENDANT
The Court instructs the jury, that if you believe from the evidence, that there may be some person, who committed the crime of which the Defendant is charged, and that the name of that person has not been disclosed by the evidence, it is not required of the Defendant to show the name of any such person.

INSTRUCTION NO. 6 FOR DEFENDANT
The Court instructs the Jury that the evidence as a whole must convince you beyond a reasonable doubt that the defendant EDWARD LEE OATES, is guilty, but you must vote "not guilty" unless you are convinced of his guilt beyond a reasonable doubt.

INSTRUCTION NO. 7 FOR DEFENDANT
The Court instructs the jury that you are the sole judges of the credibility of the witnesses and that if you believe that any witness has knowingly, falsely, and corruptly testified as to any material fact in the case that the Jury is warranted in disbelieving all the testimony of such witness and that in passing on the credibility of the witnesses the jury may consider the manner and demeanor of the witness while on the stand.