**Kay D. MILLS and Basil DeLong,
Plaintiffs-Appellants,**

v.

**Richard Warren LEVY, M.D., et al.,
Defendants-Appellees.**

**No. 75-3168
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1976.

Rehearing Denied Oct. 21, 1976.

---

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

**1332**

Lloyd P. Champagne, Baton Rouge, La., for plaintiffs-appellants.

H. Martin Hunley, Jr., John Menville Sartin, Jr., New Orleans, La., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This Louisiana diversity action, involving a medical malpractice claim against the defendants, comes to this Court on appeal from the district court's grant of defendants' motion for directed verdict entered at the close of the plaintiffs' case. On this appeal we agree with the district court that the plaintiffs failed to prove critical elements of a Louisiana malpractice cause of action. Further, the district court did not err in excluding hearsay statements attributed to the deceased, nor was it error to refuse to admit depositions of Florida doctors proffered to establish standards for medical practice in Louisiana, the forum state. We affirm.

Defendant Levy treated the plaintiffs' deceased daughter for several months during 1970. Responding to symptoms of headaches and dizziness, Dr. Levy ordered a series of diagnostic tests. Upon the fourth follow-up visit Dr. Levy agreed that his patient, Ursula DeLong, could move to Florida, but insisted that she receive prompt medical care upon her arrival. She died more than two years later of a vascular condition known as vasculitis.

■ The well-established law of the forum state provides that practice actions are controlled by the "locality rule" whereby "physicians and surgeons are not negligent if they exercise that degree of skill and care which is usually possessed and exercised by practitioners of their profession in the same locality or community." *Davis v. Duplantis,* 448 F.2d 918, 919–920 (5th Cir. 1971). *See Uter v. Bone and Joint Clinic,* 249 La. 851, 192 So.2d 100 (1966); *Meyer v. St. Paul Mercury Indem. Co.,* 225 La. 618, 73 So.2d 781 (1953).

■ The plaintiff bears the dual burden of first adducing the local medical standard of care and then proving that the defendant negligently deviated from that standard in a manner which proximately caused harm to the plaintiff. *Davis v. Duplantis, supra* at 920. The district court correctly stated that, in presenting their case, the plaintiffs offered "absolutely no evidence" to prove either the community standard or departure from that standard. Under the law of Louisiana this failure of

proof is fatal to their case. *Hayward v. Echols,* 362 F.2d 791 (5th Cir. 1966); *George v. Phoenix Assur. Co.,* 328 F.2d 430 (5th Cir. 1964).

Plaintiffs' heavy reliance on *Favalora v. Aetna Casualty & Surety Co.,* 144 So.2d 544 (La.App. 1st Cir. 1962), in an effort to escape the effect of the locality rule, is misplaced for the reasons previously given by this Court when discussing that case in *Davis v. Duplantis, supra* at 920.

█ Guided by the locality rule in Louisiana, the district court properly excluded the depositions of two Florida doctors. Their testimony would not be probative of standards of medical practice in Louisiana.

█ Finally, plaintiffs argue that the trial court erred in sustaining objections to hearsay testimony about statements made by the deceased. On appeal it is argued that these statements fall within the "dying declaration" exception to the hearsay rule. At the trial, however, no offer of proof was made as to this excluded evidence, and therefore error may not be predicated on its exclusion. Fed.R.Ev. 103(a)(2).

AFFIRMED.