Judy MEREDITH and Wilmer Meredith,
Plaintiffs-Appellees,

v.

Michael HARDY, and Ralph M. Hardy,
d/b/a Ralph M. Hardy, Trucking,
Defendants-Appellants.

No. 77–1111
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 24, 1977.

Heber Ladner, Jr., Jackson, Miss., for defendants-appellants.

Brad Sessums, Jackson, Miss., for plaintiffs-appellees.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

This diversity suit arises out of a high-speed, rear-end collision which occurred on July 26, 1975, near Pelahatchie, Mississippi. The plaintiffs were driving west on I-20 in their pick-up truck, with an attached camper, when it was overtaken and struck by a tractor-trailer truck owned by the defendants.

At trial the defendants conceded liability and that the plaintiffs were not guilty of contributory negligence. Tried to the jury on the issue of damages alone, the jury returned a verdict for the plaintiffs in the amount of $70,190. Mrs. Meredith received $15,000 for personal injuries and $990 for property damage. Mr. Meredith was awarded $50,000 for personal injuries and $4,200 for property damage. We affirm.

■ Arguing that the plaintiffs were not entitled to punitive damages, the defendants made a motion to restrict the plaintiffs' evidence. It was denied. The effect of this was the same as though the defendants had made a motion for summary judgment on that issue. Either way, the Court would have removed the issue from the trial and the jury's consideration. Although the question of liability was conceded by the defendants, they did not concede that their conduct constituted gross negligence. On the contrary, they hotly disputed it. Without a doubt, where there is a dispute over a genuine issue of fact, summary judgment is inappropriate. Trial must be afforded on the issue. *Ecology Center of Louisiana, Inc. v. Coleman*, 5 Cir. 1975, 515 F.2d 860.

■ If, after full development of the facts, the plaintiff's case fails to rise to the required level to be sent to the jury, an appropriate motion can dispose of the matter. *Reeves v. City of Jackson, Mississippi*, 5 Cir. 1976, 532 F.2d 491, 494. This is what occurred in the instant case and the question of punitive damages never went to the jury. The defendants' position that the plaintiffs should have been precluded from even trying is without merit.

■ Defendants' complaint as to the admission of certain other items of evidence must likewise fail. Since Mr. Meredith himself testified to the amount and nature of his income, the prepared statement showing these items was merely corroborative and thus admissible, *Edwards v. Sears, Roebuck and Company*, 5 Cir. 1975, 512 F.2d 276, 294.

■ Likewise, no error was committed in allowing the plaintiffs to testify to the value of the destroyed truck and camper and the lost personal property. An owner is always competent to give his opinion on the value of his property. *Kestenbaum v. Falstaff Brewing Corporation*, 5 Cir. 1975, 514 F.2d 690, 698. As to whether the owner's opinion is accurate, that is a matter for cross-examination and goes merely to the weight and not to admissibility. *Id.* at 699.

■ The defendant complains that the Court refused to allow him to testify that the trailer-truck was equipped with a governor which limited the vehicle's speed to 65 miles per hour. The defendant, however, did testify that the truck was so equipped, the Court merely refusing to allow any further testimony on that topic. Further, at the time this testimony was presented, the question of the trailer-truck's speed was no longer relevant as the issue of punitive damages had been removed from the jury's consideration. Finally, when the Court forbade further testimony on this item, the defendants failed to make an offer of proof as required under Rule 103(a)(2) of the Federal Rules of Evidence. Accordingly, even if the Court erred in its ruling, it was not preserved for our review. *Mills v. Levy*, 5 Cir. 1976, 537 F.2d 1331, 1333; *United States v. Muncy*, 5 Cir. 1976, 526 F.2d 1261, 1263.

The remaining points presented by the defendants being without merit, the judgment of the District Court is

AFFIRMED.