**Herlinda ESPINO, Plaintiff-Appellant,**

v.

**CITY OF KINGSVILLE, TEXAS, et al.,
Defendants-Appellees.**

No. 80–2025.

United States Court of Appeals,
Fifth Circuit.

May 28, 1982.

---

Rodolfo R. Munoz, San Antonio, Tex., for plaintiff-appellant.

Ben A. Donnell, Corpus Christi, Tex., Nelson R. Sharpe, Kingsville, Tex., for defendants-appellees.

Before BROWN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This case concerns the unfortunate death, by hanging, of a seventeen-year-old male in the City of Kingsville, Texas, jail. Herlinda Espino and Julia Espino Sanchez, mother and sister of the deceased, Gregorio Espino, brought this action under the Civil Rights Act and the Constitution for damages related to Gregorio's death by asphyxiation in the city jail.

On the night of February 27, 1978, the Kingsville police received three calls complaining of harassment, and Officer Garza was dispatched to investigate. At 3:30 a. m., Officer Garza arrived at the scene in his patrol unit and observed two persons running and attempting to flatten themselves against the wall of a building. The officer yelled at the suspects to stop or freeze, but they instead ran into a nearby house. The officer knocked on the door of the house, and the owner came to the door. While Officer Garza was questioning her, Gregorio Espino appeared behind her, and Officer Garza recognized him as one of the two who had just entered the house. Officer Garza, a life-long resident of Kingsville, knew that Espino was on felony probation and that he did not live in the neighborhood. The officer asked Espino to step outside, and he complied. Espino then indicated that he wanted to talk out in the alley, so he preceded the officer to the alley, and they

talked. Thereafter, Officer Garza smelled the odor of alcohol on Espino's breath and was able to determine from his behavior that he was intoxicated. He arrested Espino for public intoxication and took him to the police department.[1] Gregorio Espino had been incarcerated in the city jail for approximately 52 hours when he was found hanging by the neck from a bar of his cell. He was cut down by a Kingsville police officer and was examined minutes later by ambulance attendants. Espino had died from asphyxiation.

Appellants filed a complaint against the city and individual officers on July 31, 1978, alleging: (1) the original arrest and search of Espino was illegal; (2) the city had a policy of abuse toward Mexican-Americans in Kingsville; (3) the city had a governmental custom of abuse towards the Mexican-American community; (4) the police officers killed Espino or, in the alternative, failed in their duty to render aid to save his life; (5) Espino suffered humiliation and cruel and unusual punishment at the hands of the Kingsville police. On August 15, 1980, after trial on the merits, a jury returned a verdict for the City of Kingsville. On appeal, the appellants reurge all of the above issues and claim that there was no probable cause for Espino's arrest as a matter of law, that the city should be held liable under a theory of respondeat superior, and that the district court erred in several evidentiary rulings.

### I. Violation of Constitutional Rights

■ The jury found that there was probable cause for Gregorio Espino's arrest, but appellants assert that there was no probable cause for arrest as a matter of law and that, therefore, the issue should have been decided by the court. Appellant's motions for a directed verdict and a judgment notwithstanding the verdict were denied. "On motions for directed verdicts and judgments notwithstanding the verdict the court should consider all of the evidence—not just the evidence which supports the nonmover's case—but in the light most favorable to the party opposed to the motion." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). On the facts of the case, the court correctly denied the motions and submitted the case to the jury for its verdict. The questioning of Espino at the house and in the alley merely amounted to an investigatory stop, and there was reasonable suspicion to effectuate the stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The evidence indicated that Espino voluntarily came to the door and that he proposed going to the alley and led, rather than followed, the officer there. While talking with Espino, the officer observed his behavior and gained the necessary probable cause to arrest him for public intoxication.

There was also sufficient evidence to support the remaining jury findings that Espino's constitutional rights were not violated as to his right to counsel, or his incarceration in the city jail, and that he was not murdered by any of the appellees. Although there was some contradictory evidence regarding how Espino was tied to the cell, several witnesses testified that he was tied to the bars above the horizontal support bar and was cut loose by the police as soon as he was found. There was further evidence that Espino was accorded all his rights while incarcerated, including the opportunity to make several phone calls.

---

1. The applicable statutes of the Texas Code of Criminal Procedure are as follows:

    14.01. Offense within view.
    (a) A peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

    (b) A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.
    14.03. Authority of peace officers.
    Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the law.

## II. Liability of the Municipality

■ Appellants charge that the City of Kingsville is liable for Espino's death under both the Civil Rights Act, 42 U.S.C. § 1983, and the United States Constitution under a theory of vicarious liability. Despite the jury findings that the individual police officers did not violate any of Espino's constitutional rights, appellants request that the City of Kingsville, its mayor, and city commissioners be held vicariously liable under a theory of respondeat superior. Even if the police had violated Espino's constitutional rights, the city could not be held vicariously liable under a theory of respondeat superior. *Dean v. Gladney*, 621 F.2d 1331, 1335 (5th Cir. 1980). In *Dean v. Gladney*, this circuit specifically held that there can be no recovery under the Constitution against municipalities based on the doctrine of respondeat superior. In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the United States Supreme Court held that a municipality cannot be held liable under section 1983 on a respondeat superior theory. The Supreme Court further held that a local government may be held liable under section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent the official policy, inflicts the injury." *Id.* at 694, 98 S.Ct. at 2037. Evidence was presented by the appellants regarding the training of the police and alleged past police abuse towards Mexican-Americans. This evidence was not convincing, however, and the jury reasonably found that the city did not have an officially adopted policy of police abuse towards the Mexican-American community of Kingsville and did not have a governmental custom of police abuse towards that community.

## III. Evidentiary Rulings

■ Appellants claim several errors in the district court's evidentiary rulings. They first assert that the court, in its rulings, excluded evidence that would have proved the liability of the city. The trial court ruled that several questions addressed to police officers regarding their knowledge of the law and to whom they were responsible were irrelevant. In light of the jury finding that the arrest was lawful, no "substantial right" of the appellants was affected by excluding testimony regarding the police officers' knowledge of the law.[2] Because the city could not be found liable under a theory of respondeat superior, *Dean v. Gladney, supra*, there was likewise no error in excluding the evidence regarding the responsibility of the city.

Second, appellants claim error in the admission of evidence regarding Espino's past criminal record and reputation in the community. However, appellants did not timely object to this testimony. Fed.R.Evid. 103(a)(1).

■ Third, the trial court did not allow a new city commissioner to testify regarding her concern with the investigation of Espino's death. The appellees objected to this line of questioning because the commissioner was not elected until after Espino's death, and the court sustained the objection. Although the testimony may have been relevant, the appellants made no offer of proof from which we could determine that there was error in the exclusion. Fed. R.Evid. 103(a)(2).

Fourth, the trial court did not allow the mayor to testify regarding an incident of alleged police abuse against a Mexican-American youth six months prior to Espi-

2. Rule 103, Fed. R. Evid., provides in pertinent part:

   (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

   (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

   (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked.

no's death. This was not reversible error, however, because testimony regarding this incident was later introduced.

Fifth, the court sustained an objection to the testimony of a Mexican-American youth regarding his arrest some time prior to Espino's death. However, the youth testified to some of the details of the arrest before the objection was sustained, and no offer of proof was made regarding this evidence. Fed.R.Evid. 103(a)(2).

"The rule in this circuit is that the trial court's rulings on relevancy and materiality of evidence will not be disturbed absent a clear showing of an abuse of discretion." *United States v. Brown*, 547 F.2d 1264, 1266 (5th Cir. 1977). For the above reasons, we find that the trial court did not abuse its discretion in these evidentiary rulings.

In sum, the judgment of the district court must be affirmed. There was sufficient evidence to support the jury findings, and there was no reversible error in any of the evidentiary rulings. The city cannot be held liable under a theory of respondeat superior, and even if it could be, the jury found no tortious conduct for which the city could be held vicariously liable.

AFFIRMED.