Consuelo MERCADO,
Plaintiff-Appellant,

v.

AUSTIN POLICE DEPARTMENT,
Defendant-Appellee.

No. 84–1471.

United States Court of Appeals,
Fifth Circuit.

March 14, 1985.

James M. Simons, Austin, Tex., for plaintiff-appellant.

Robert Icenhauer-Ramirez, Asst. City Atty., Austin, Tex., for defendant-appellee.

Before RUBIN and HILL, Circuit Judges, and HINOJOSA *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

The plaintiff filed this Title VII suit,[1] contending that she was discharged by the City of Austin because of her national origin and in retaliation for filing an EEOC complaint seven years earlier. After hearing her testimony, the judge asked her counsel what additional evidence he would offer in support of her case. Counsel's response to the judge's question did not indicate that he would offer anything but cumulative or irrelevant testimony. He made no proffer of evidence, either then or in his subsequent motion for a new trial. At the conclusion of the plaintiff's testimony, the district judge invited the defendant to move for involuntary dismissal of the case pursuant to Fed.R.Civ.P. 41(b) and then granted the motion. While the procedure was unconventional, we conclude that the plaintiff was not denied due process of law and has shown no prejudice

---

* District Judge of the Southern District of Texas sitting by designation.

1. 42 U.S.C. § 2000e, et seq.

as a result of the procedure followed. Accordingly, we affirm.

## I.

Consuelo Mercado testified in support of her claims and was cross-examined at length. Appraising her credibility, which the district court was best qualified to assess, the district court found that she simply did not establish the requisite elements of her charge of discrimination or retaliation. She made vague assertions that she was treated differently from other supervisors, testified that she was not asked for her opinion very often or invited to birthday parties, and referred to trifling deemed slights. On cross-examination, counsel for defendant prodded her into admitting that: (1) she really did not personally know how the City had treated a number of the other supervisors; (2) her supervisors allowed her to discuss her complaints directly with high ranking officials more often than they allowed other supervisors to do; (3) there were numerous problems with her performance, which were well documented in written evaluations, such as poor communication with her subordinates, failure to take constructive criticism appropriately or at all, accosting one of her subordinates in the parking lot, threatening her subordinates with the placing of damaging memos in their files if they talked to each other, and filing a negative report on one of her subordinates because the subordinate had done more than her share of the work and had helped a new employee with his work.

Defense counsel impeached Mercado's credibility in many ways. She admitted that a key Police Department supervisory official whom she charged with prejudice against Mexican-Americans was in fact married to a Mexican-American. She also admitted that she chose to be discharged rather than to accept assistance from the City's personnel department in locating a nonsupervisory job with the City of comparable pay grade and job classification. In sum, the evidence garnered on cross examination from Mercado herself was so damaging that, after she left the stand, virtually no later witness could have helped her to establish a prima facie case.

After hearing Mercado, the district judge addressed her counsel and asked whether he had any further witnesses. Counsel said he planned to call two expert witnesses and three employees of the Austin Police Department. The judge then informed Ms. Mercado's counsel that the reason for making his inquiry was "that based upon the testimony this court has heard so far, the court is inclined at the present time to dismiss this case outright. I can find absolutely no basis on testimony of the plaintiff for the complaints contained in the complaint." The court added,

> If you had any witnesses that might establish a prima facie case of some kind, which you have not done in the court's view on the basis of the plaintiff's testimony, the court would be willing to spend more time on this. I'm not going to continue to waste time not only of this court, which has many other cases to handle, but the staff of this court, to take evidence in a case unless you have got more than I have heard in the last half day.

Counsel's only reply was:

> I can't represent to the court that the police department witnesses that we would call—and they would be the three that I have enumerated earlier—would add anything different than what the plaintiff has testified to. I just think they would add corroborative—

Except for a vague statement that one of the experts might produce evidence about a pattern of discrimination, counsel made no proffer of any kind. Even surprise at these events on April 9, 1984, does not explain why no proffer was later made when, on April 19, counsel for Mercado sought a new trial.

The pretrial order states that a list of witnesses would be filed but none was filed with the court although counsel states he gave a list to opposing counsel. There was, therefore, no way in which the district court might have known that there was other evidence favorable to Mercado.

Even now, in brief and at oral argument counsel has not stated any specific way in which the testimony of the witnesses mentioned to the court would have established the requisite elements of Mercado's case. The brief engages only in speculation: "The other witnesses the Plaintiff proposed to call might well have supplied any missing links in her *prima facie* case."

This is not a case in which counsel lacked time to prepare. It had been pending on the court's docket for nearly two years. Mercado had twice sought and received extensions of time to complete discovery. In January, 1984, she asserted to the trial court that discovery had been completed. She then sought an order compelling the defendant to answer interrogatories on March 16. On March 23, that motion was denied but the defendant was ordered to give her access to the records containing the information sought by her interrogatories. That same day, the judge granted Mercado's motion for a continuance so that she could gather that information. Then on the Sunday afternoon prior to the Monday-morning trial, she served a subpoena duces tecum, requesting the same statistical data to which the trial judge had given her access in March. At trial, the district judge refused to enforce this subpoena which was clearly designed to subvert and defeat the objective of his March 23 order.

## II.

Fed.R.Evid. 103(a) forbids an appellate court to predicate error on a ruling excluding evidence "unless a substantial right of the parties is affected, and ... in case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." Moreover, we have repeatedly held that, when a trial judge excludes the testimony of a witness in whole or in part, we cannot determine that there was error in the exclusion if the appellant made no offer of proof in the court below.[2] Because Mercado's counsel had taken depositions of at least some of the witnesses who might have been called, had been granted access to the Police Department's records (although he had not taken advantage of this access), and over a two-year period had received extensions for further discovery, we find no excuse for his failure either to make an oral offer of proof sufficiently specific to satisfy the judge or to direct the judge's attention to some testimony in one of the depositions to indicate the type of specific testimony that would have been forthcoming.[3]

In the absence of any list of witnesses with an indication of the nature of their testimony, any proffer of evidence, and any statement of counsel concerning what the evidence might be, it would have been a sheer waste of time for the court to indulge counsel in the suggested ritual by allowing him to adduce duplicative and unhelpful testimony or to fish for material to support his case. Thus, the judge's exclusion of the lay witnesses from the police department, pursuant to Fed.R.Evid. 403, was not an abuse of discretion, for counsel's own statement implied, if it did not state directly, that these witnesses would add nothing new to Mercado's testimony.[4]

Mercado's expert witness, as stated in her counsel's resume, would have expressed the opinion that discrimination "was an element of" the personnel action taken. Although counsel stated that the expert's opinion was based upon Mercado's testimony and upon additional materials, the district court judge had previously noted that an expert was not the kind of witness that could aid Mercado in forging

---

**2.** *See Espino v. City of Kingsville,* 676 F.2d 1075, 1078–79 (5th Cir.1982); *Liner v. J.B. Talley & Co.,* 618 F.2d 327, 331 (5th Cir.1980); *Meredith v. Hardy,* 554 F.2d 764, 765 (5th Cir.1977).

**3.** *See generally* 21 C. Wright & K. Graham, Federal Practice and Procedure § 5040, at 210–13 (1977).

**4.** *See Gulf States Util. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir.1981); *see also Golden Bear Distrib. Sys. of Texas, Inc. v. Chase Revel, Inc.,* 708 F.2d 944, 951 (5th Cir.1983).

the missing links in her case. The explanation of the testimony that would be elicited from the expert disclosed nothing that, if adduced, was likely to convince the judge.

■ Fed.R.Evid. 702 states:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion or otherwise.

Whether an expert will assist the trier of fact to understand the testimony is a preliminary question for the trial court[5] and its determination is "largely committed to that court."[6]

■ That court has what we have described as "wide discretion" in deciding the matter,[7] particularly when the court sits as trier of fact, for the district judge is then in the best position to know whether expert testimony would help him understand the case.[8]

Rule 41(b) allows the defendant to move for a dismissal after the plaintiff has completed the presentation of his evidence. When such a motion is made, the judge "must weigh and evaluate the evidence as if he were making findings of fact at the conclusion of the case,"[9] and he may not reject the "uncontradicted and unimpeached testimony of the only witness presented at the trial until that time ..., unless [the] testimony was inherently incredible, ... suspicious or inherently improbable...."[10] The judge's dismissal of Mercado's case did not transgress these rules, for Mercado's testimony was neither unimpeached nor, given her own testimony on cross examination, uncontradicted.[11]

"It is not absolutely necessary that dismissal be delayed until the close of plaintiff's case."[12] Stating that, while "the interests of justice will [ordinarily] be better served if involuntary dismissals for failure to show right to relief are not ordered until the close of plaintiff's case,"[13] the Third Circuit has approved an involuntary dismissal prior to the close of the plaintiff's case because the plaintiff's remaining evidence was insufficient to establish the cause of action that the plaintiff alleged.[14] The First Circuit has likewise affirmed such a dismissal as being "well within the purview of the district court's power to manage its own affairs and to serve the interests of judicial economy."[15] Like the First Circuit, we believe that "[t]he facts herein reveal one of the rare and exceptional cases in which a court is justified in dismissing the action before the completion of plaintiff's case."[16]

The judge's findings of fact are amply supported by the record.[17] It was not an abuse of the district judge's discretion and, under the circumstances, it was a proper exercise of his duty to conduct the trial process economically and efficiently to ad-

---

**5.** See Fed.R.Evid. 104(a).

**6.** 11 J. Moore & H. Bendix, Moore's Federal Practice § 702.10[3], at VII–29 (1982) (footnote omitted).

**7.** *Stancill v. McKenzie Tank Lines, Inc.,* 497 F.2d 529, 535, 536 (5th Cir.1974); *see also* 11 J. Moore & H. Bendix, *supra* note 6, at VII–30 (footnotes omitted).

**8.** *See, e.g., Ward v. Westland Plastics, Inc.,* 651 F.2d 1266, 1271 (9th Cir.1980).

**9.** *Benton v. Blair,* 228 F.2d 55, 58 (5th Cir.1955).

**10.** *Id.* at 58–59.

**11.** *Crawford v. Western Elec. Co.,* 614 F.2d 1300, 1311 (5th Cir.1980).

**12.** 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.13[1], at 41–163 n. 5 (1984).

**13.** *Lentino v. Fringe Employee Plans, Inc.,* 611 F.2d 474, 482 n. 15 (3d Cir.1979).

**14.** *Id.* at 482.

**15.** *D.P. Apparel Corp. v. Roadway Express, Inc.,* 736 F.2d 1, 4 (1st Cir.1984).

**16.** *Id.* at 4.

**17.** *See Robinson v. M/V Merc Trader,* 477 F.2d 1331, 1332 (5th Cir.1973) (factual findings in Rule 41(b) dismissal for failure to show right to relief reviewed under clearly erroneous standard); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2376, at 248 (1971) (same).

minister the *coup de grace* to what he found to be a hopeless case.

For these reasons, the judgment is AFFIRMED.