**Annye J. ALLEN, Plaintiff-Appellant,**

v.

**The COUNTY OF MONTGOMERY, ALABAMA; M.S. Butler, as Sheriff of Montgomery County, Alabama, Defendants-Appellees.**

**No. 85–7182.**

United States Court of Appeals, Eleventh Circuit.

May 9, 1986.

Deborah Hill Biggers, Tuskegee, Ala., for plaintiff-appellant.

Henry C. Chappell, Jr., Rushton, Stakely, Johnston & Garrett, Montgomery, Ala., for M.S. Butler.

J. Knox Argo, Montgomery, Ala., for Montgomery County, Ala.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

Appellant Annye J. Allen appeals from an adverse decision on the merits of her discrimination suit rendered after a bench trial before the district court. The court below found neither racial nor sexual discrimination emanating from personnel decisions that adversely affected the appellant's employment status as a county employee. We vacate that judgment and remand for further proceedings.

Many of the facts underlying the appellant's claim, as found by the district court, are undisputed. Appellant, a black female, was originally employed by the appellee sheriff's department in 1975 as a deputy matron, a position that was formally titled Deputy Sheriff Jailor II. In 1977, she was elevated to the position of Deputy Sheriff Sergeant, a supervisory position that entailed enhanced responsibility and pay. At the time she was being considered for the

sergeant's position, appellant informed her superiors that she was pregnant and she was assured that this condition would cause no problems. Appellant performed her sergeant duties receiving positive evaluations until April 1, 1978, at which time she took maternity leave. The sheriff's department at that time had no established maternity leave policy, except that an employee could either elect to utilize sick leave or take leave without pay. Shortly after the appellant took leave, she was replaced by another matron, Annie Broadway, a white female with less seniority than appellant. When appellant returned to work in July of 1978, she was informed that there was only one female sergeant's position, and Mrs. Broadway "had it."

Appellant Allen then filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging racial and sexual discrimination pursuant to 42 U.S.C. § 2000e et seq. The EEOC found probable cause to believe that the appellant had been demoted based upon racially and sexually discriminatory reasons, and issued a right to sue letter. She then brought suit in the Middle District of Alabama against the County of Montgomery, Alabama, the Sheriff of Montgomery in his official capacity and the Montgomery County Personnel Department. Prior to trial, the latter defendant was dismissed and that ruling is not on appeal here. After a bench trial, the district court issued a memorandum opinion finding no discrimination. As to the claim based upon race, the lower court found that although the appellant had stated a prima facie case, the reason for her demotion was that she could no longer perform the sergeant's job due to her pregnancy and that her race was not a factor. As to the sex discrimination claim, the district court determined that the sergeant's position was merely a temporary assignment, rather than a promotional change in employment status, that automatically terminated when the assignee for whatever reason ceased doing the job. Although that reason in this case was her pregnancy, the court found that the temporary assignment rule, even if incorrectly applied in this case,

was not a pretext for effecting invidious discrimination based upon sex.

The appellant raises two contentions on appeal that merit our attention: (1) That the lower court erred in refusing to admit evidence of discrimination occurring prior to the demotion in question; and (2) That the lower court erred in its findings that the defendants had articulated a legitimate, non-discriminatory reason for the demotion and that that reason was not pretextual. For purposes of analysis, we find it necessary to address these issues in relation to the appellant's respective claims.

### Race Discrimination

The district court in this case found a prima facie case of racial discrimination, and nothing more, implicitly applying the well-known burden-shifting mechanism set forth in McDonnell-Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The court apparently undertook a disparate treatment analysis, rather than a disparate impact analysis, focusing on the intent behind the defendant's decision to demote the appellant. No issue in this regard has been raised on appeal. Our task, therefore, is to review the district court's factual finding of no racial discrimination under the "clearly erroneous" standard of FED.R.CIV.P. 52(a), see Pullman-Standard v. Swint, 456 U.S. 273, 289–90, 102 S.Ct. 1781, 1790–91, 72 L.Ed.2d 66 (1982), in light of the closely related question of whether the lower court made that determination based upon all of the relevant evidence. We conclude that even if the district court's finding of no discrimination was not clearly erroneous on this record, it nevertheless was made upon an incomplete record that was improperly restricted by erroneous evidentiary rulings.

At trial below, the appellant sought to introduce evidence of prior discrimination occurring before the demotion in issue. The district court, however, concluded that inasmuch as the EEOC complaint filed by the appellant did not mention discrimina-

tion prior to the demotion, such prior discrimination was neither an issue nor relevant, proper evidence to be admitted at trial. [Tr. 20, 62–63]. The general rule as to admissibility is that absent a clear showing of an abuse of discretion, a trial court's discretion as to evidentiary rulings will not be disturbed on appeal. *E.G. Farace v. Independent Fire Ins. Co.,* 699 F.2d 204, 209 (5th Cir.1983). All relevant evidence is generally admissible, FED.R.EVID. 402, and reversible error in the form of exclusion of evidence occurs only where a "substantial right" of a party is affected and an offer of proof was made below. *Id.* Rule 103(a). *See also Gulf States Utilities Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981); *Mercado v. Austin Police Dept.,* 754 F.2d 1266, 1268 (5th Cir.1985).

■ Contrary to the district court's ruling, we find that evidence of discrimination prior to the demotion was relevant and probative under the facts of this case. The inherent difficulty of proving discrimination often necessitates the use of circumstantial evidence as the method of proof. *E.G. United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 1481 n. 3, 75 L.Ed.2d 403 (1983). The former fifth circuit[1] has observed that "While some or most of this evidence [of discriminatory treatment] may concern time-barred conduct, it is relevant, *United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), and may be used ... to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives." *Crawford v. Western Electric Co.,* 614 F.2d 1300, 1314 (5th Cir.1980), *subsequent appeal,* 745 F.2d 1373 (11th Cir.1984). *See also Downey v. Southern Nat'l Gas Co.,* 649 F.2d 302, 305 (5th Cir.1981); *Holsey v. Armour & Co.,* 743 F.2d 199, 207 (4th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985). Under the facts of this case, the exclusion of this relevant evidence of prior discrimination substantially affected appellant's ability to

carry her burden of demonstrating discriminatory intent.

■ The district court found that appellant had stated a *prima facie* case of racial discrimination, but that the evidence strongly demonstrated no "actual" racial discrimination arising from her demotion. The court emphasized that "Plaintiff's conditions of employment were admittedly satisfactory up until the time she went on maternity leave" and relied heavily on the fact that appellant's first complaint of mistreatment arose after she returned from leave. The implication of this reasoning is that the appellant's demotion could not have resulted from racial discrimination, as the first indications of such treatment occurred *after* the demotion. That conclusion is not surprising inasmuch as the court refused to receive evidence of any prior discrimination. This problem is compounded by the fact that much of the evidence adduced at trial related to the appellant's alleged negative performance as sergeant prior to her leave, which purportedly was her supervisor's justification for retaining Ms. Broadway as sergeant after appellant returned to work. The district court specifically refused to allow testimony from the appellant that the prior treatment of her supervisors hampered her effectiveness as sergeant. In short, the result of this ruling was to create a one-sided presentation of the evidence—the defendant was allowed to present a legitimate reason for the demotion and non-reinstatement (negative performance) that the appellant could not rebut by demonstrating the reason for that negative performance (discriminatory treatment by her superiors). We view the proffered evidence as a major link in the appellant's ability to prove discrimination, the exclusion of which substantially affected her case.

■ The appellee contends that even if the evidence was improperly excluded, the appellant failed to make a sufficient proffer below for that error to be reversible at this stage of the proceedings. *See* FED.R.

---

**1.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc).*

EVID. 103(a)(2). While we agree that a fuller proffer would have been preferable, we nevertheless discern the "substance of the evidence" from the record and find the steps taken below to preserve the issue sufficient. During opening statements, counsel outlined potential evidence of prior discrimination. [Tr. 8]. Soon thereafter, the court specifically directed counsel that matters prior to the demotion would not be relevant at trial. Counsel attempted to cite contrary authority, the lower court re-affirmed its original ruling, and counsel took exception. [Tr. 20–21]. In the course of appellant's testimony, as mentioned earlier, the trial court cut short her testimony as to her prior treatment. [Tr. 62–63]. While a more detailed explication of the evidence that would have been offered at trial is desirable, a sufficient proffer was made here to support our ruling.

### Sex Discrimination

■ The demotion at issue in this case occurred prior to the effective date of the 1978 pregnancy amendments to Title VII. The prior definition of sex discrimination, however, covered discrimination based upon pregnancy, as set forth in *Langley v. State Farm Fire & Cas. Co.*, 644 F.2d 1124 (5th Cir.1981):

> To establish a Title VII violation for sex discrimination, a plaintiff must initially prove that the challenged personnel policy has a discriminatory effect on women. Such a showing requires that the plaintiff establish that her employer's maternity leave policy, although neutral on its face, imposes on female employees a substantial burden that men need not suffer. *Nashville Gas Co. v. Satty*, 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977). In other words, a plaintiff must show that the employer's policy operates to "deprive [women] of employment opportunities" because of their role in the scheme of existence. *Satty*, at 142, 98 S.Ct. at 351. If this *prima facie* case is established, the burden shifts to the employer to justify the challenged practice. *Texas Department of Community Affairs v. Burdine*, [450] U.S. [248], 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). If the employer meets this burden, to recover Langley must then show that the employer could use alternative practices to accomplish the same purpose without discriminatory effects. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

*Id.* at 1127. Although the district court applied the correct law to this claim, in light of our decision to remand the race claim for the taking of additional evidence and our view that the lower court should give full consideration to all aspects of the appellant's sex discrimination claim, we remand this claim as well for further proceedings.

■ The district court found no discrimination against women stemming from the rule involved in this case whereby assignment pay ceases when one no longer does the assigned job, even if the reason the assignment ended was maternity leave. Here, the court found that appellant had actually been "promoted" to sergeant, rather than "assigned" to that position, and that the rule terminating assignment pay had been incorrectly applied to summarily terminate her status as sergeant. Nevertheless, the court noted that while incorrect application of the rule to the appellant might amount to a state law claim, it would not constitute a civil rights claim, so long as the circumstances did not amount to a pretext for discrimination. The court found no such pretext as to appellant's demotion. We have no quarrel with this analysis as far as it goes, but such reasoning fails to address an equally significant aspect of the appellant's sex discrimination claim—that upon her return from leave, the appellant was not reinstated to the sergeant's position. Evidence produced below indicated that the appellant was the only employee to have ever taken maternity leave, and that she was the only employee—male or female, black or white—to not have been reinstated to her prior position upon return from leave of *any* type.

There was even evidence that her successor, Ms. Broadway, at one point took medical leave and subsequently returned to the sergeant's position. *Compare Nashville Gas Co. v. Satty*, 434 U.S. at 140–42 & nn. 2, 4, 98 S.Ct. at 350–51 & n.n. 2, 4 (emphasizing that failure to reinstate female employees upon return from maternity leave on the same terms and conditions as other temporary disabilities may visit an improper burden on those employees under Title VII).

The appellee contends that the failure to reinstate stemmed from the evaluation of appellant's prior performance vis-a-vis that of Ms. Broadway by their supervisor, and that as such the reinstatement decision was not an actionable "policy" of the defendants under *Langley*. We note, however, that the district court simply did not make findings in this regard. In addition, our ruling as to the race claim will result in the admission of evidence relating to appellant's prior performance, which will be pertinent to the question of whether the defendant's reliance on that factor was pretextual. On remand, the district court should account for the additional evidence presented in appraising not only the appellant's demotion, but also her failure to be reinstated to the sergeant's position. Further proceedings are warranted on this issue.

## CONCLUSION

We conclude that the evidence of prior discriminatory treatment of appellant, while not actionable itself, certainly was relevant and probative of the discriminatory attitudes of the defendant. Such evidence should have been admitted at trial, and the failure to do so under the facts of this case left the appellant with little or no means of carrying her burden of showing discriminatory intent. On remand, the district court should rehear the appellant's claims in light of such evidence.

As to the sex discrimination claim, the district court should also address the defendant's failure to reinstate the appellant upon her return from leave. The additional

evidence to be adduced as to appellant's prior performance and her superiors' treatment as affecting that performance may bear upon the alleged reasons for her non-reinstatement, and the district court, of course, will be free to hear any further evidence on the subject it finds appropriate.

VACATED and REMANDED.