**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Alliance Federal Savings and Loan Association**

v.

**Gwendolyn G. FLITHERS, wife of/and H. Freddie Boothe, Jr.**

**Civ. A. No. 86–0647.**

United States District Court,
E.D. Louisiana.

Jan. 30, 1987.

Stephen P. Schott, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for plaintiff.

Robert G. Garrity, Jr., Harahan, La., for defendants.

### ORDER AND JUDGMENT

ROBERT F. COLLINS, District Judge.

Plaintiff, Federal Savings and Loan Insurance Corporation (FSLIC), has moved the Court for summary judgment on all of its claims against defendants, Gwendolyn G. Flithers and H. Freddie Boothe, Jr. For the following reasons, the motion is hereby GRANTED.

*Facts*

Plaintiff is the holder and owner of a Promissory Note executed on October 19, 1984 by defendant, H. Freddie Boothe, Jr., both individually and as agent and attorney for defendant, Gwendolyn Flithers. The note is payable to the order of Alliance Federal Savings and Loan Association (Alliance) for Seventy–Five Thousand and no/100 Dollars ($75,000.00). The terms of the Promissory Note provide that interest in the amount of Ten Thousand Eight Hundred Seventy–Five and no/100 Dollars ($10,875.00) was due from February 1, 1985 through January 31, 1986. Neither the interest nor the principal has been paid to date. Late charges through the same period total Three Hundred Sixty–Two and 50/100 Dollars ($362.50).

Plaintiff is also the holder of a Collateral Mortgage Note payable on demand to the order of bearer, dated October 19, 1984. It is signed and executed by defendant, H. Freddie Boothe, Jr., as agent and attorney in fact for defendant, Gwendolyn Flithers Boothe, pursuant to said Power of Attorney. The Collateral Mortgage Note is for One Hundred Thousand and no/100 Dollars ($100,000.00).

Plaintiff has filed suit against defendants alleging that defendants are liable to plaintiff for the principal plus interest and attorney's fees incurred as a result of this action.

Defendants contend that these sums are not due and payable and assert an affirmative defense: that the transaction was not a loan, or, if it were, defendants are entitled to an offset or recoupment. Defendants argue that the defendant, H. Freddie Boothe, Jr. (Boothe), was commissioned to provide architectural services to Alliance Financial Services, Inc., a wholly-owned subsidiary of Alliance. Defendants claim that Boothe was required to pay out large sums of money on behalf of Alliance during the course of his work and he was not reimbursed for the invoices. When defendants demanded reimbursement, Alliance supposedly did not have the money to pay, but offered Boothe a loan. Boothe claims that it was at this time that the Promissory Note and Collateral Mortgage was executed, and there was an oral agreement made to never collect on the note.

*Law*

A court is empowered to grant summary judgment in the absence of any genuine issue of material fact. *Meridith v. Hardy*, 554 F.2d 764 (5th Cir.1977). The Fifth Circuit has long recognized that suits to enforce negotiable instruments are among the most suitable classes of cases for summary judgment. *Lloyd v. Law-*

*rence,* 472 F.2d 313, 316 (5th Cir.1973). Prior to being placed in receivership by the FSLIC, Alliance had the right to enforce payment of the Promissory Note in its own name. LSA–R.S. 10:3–301. As receiver, the FSLIC has succeeded to the rights, titles, powers and privileges of Alliance. 12 U.S.C. § 1464(d). Based on the evidence submitted, the FSLIC is entitled to enforce payment of the note.

Defendants claim a secret agreement in support of their opposition to the instant motion. This defense presents a classic case for the application of the doctrine developed by *D'Oench, Duhme & Co., Inc. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its progeny. In *D'Oench,* the Federal Deposit Insurance Corporation (FDIC) attempted to enforce the terms of a Promissory Note and the maker asserted the defense of failure of consideration as evidenced by a written secret agreement that a demand for payment would not be made. Finding federal policy to be "clear" and "emphatic," the Court held that:

> "[i]f the secret agreement were allowed as a defense in this case the maker of the note would be enabled to defeat the purpose of the statute by taking advantage of an undisclosed and fraudulent arrangement which the statute condemns and which the maker of the note made possible."

While the holding in *D'Oench,* as applicable to the FDIC, was subsequently codified by 12 U.S.C. § 1823(e), the rationale and policy ennunciated in that decision nevertheless survives as an independent basis for protecting both the FDIC and the FSLIC[1] from secret agreements and even from such other defenses as fraud in the inducement, failure of consideration, and estoppel. *See, e.g., Federal Deposit Insurance Corporation v. Investors Associates X., Ltd.,* 775 F.2d 152 (6th Cir.1985); *Federal Deposit Insurance Corporation v. First National Finance Corporation,* 587 F.2d 1009 (9th Cir.1978); *Federal Deposit Insurance Corporation v. Vestring,* 620 F.Supp. 1271 (D.C.Kan.1985).

■ 12 U.S.C. § 1823(e) provides that: "[n]o agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been continuously, from the time of its execution, an official record of the bank."

Defendants argue that summary judgment is inappropriate because the architectural contract between Boothe and Alliance falls within the purview of 12 U.S.C. § 1823(e). The Court disagrees.

First, this alleged secret agreement is oral and not contained in the architectural contract. Second, it has never been a part of the bank records or acknowledged by the bank.

12 U.S.C. § 1823(e) is part of a series of statutes[2] designed to preserve a federal policy to protect both the FDIC and the public funds they administer against misrepresentations as to the securities or other assets in the portfolios of the institutions which they insure or to which they make loans. By its terms, the statute is applicable only to the FDIC.

Although there is no recent authority in the Fifth Circuit that denotes the reach of

---

**1.** *Federal Savings and Loan Insurance Corp. v. Kearney Trust Co.,* 151 F.2d 720 (8th Cir.1945; *Federal Savings and Loan Insurance Corp. v. Elliott,* No. 83–C–1803 (N.D.Ill. Mar. 8, 1985) [Available on WESTLAW, 1985 WL 1539].

**2.** *See, e.g.,* 12 U.S.C. §§ 1467, 1731.

*D'Oench* in an FSLIC case,[3] this Court is confident that a broad reading of *D'Oench* is applicable. Federal banking authorities must be able to enforce notes in accordance with their written terms, even in the face of wrongdoing by a failed bank, in order to ensure the smooth administration of bank insurance and avoid panic. *Federal Savings and Loan Insurance Corp. v. Hsi,* No. 85–5915 (E.D.La. Sept. 4, 1986).

Plaintiffs' Motion for Summary Judgment is therefore GRANTED.

---

**3.** *Federal Deposit Insurance Corp. v. Castle,* 781 F.2d 1101 (5th Cir.1986), seems to be one of the most recent FDIC § 1823(e) cases.